ELECTRONICALLY FILED
Miller County Circuit Court
Mary Pankey, Circuit Clerk
2019-May-24  10:44:24
46CV-19-253
C08SD01 : 5 Pages

# IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
## CIVIL DIVISION

| | | |
|---|---|---|
| **RONALD STROUP AND PEARL STROUP** | § | |
| **PLAINTIFFS** | § | |
| | § | |
| | § | |
| **vs** | § | **CAUSE NO. _____** |
| | § | |
| **MARTIN MARIETTA** | § | |
| **MATERIALS, INC. AND ERIC** | § | |
| **MARTIN** | § | |
| **DEFENDANTS** | § | **JURY DEMANDED** |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiffs Ronald Stroup and Pearl Stroup by and through their attorney of record, Darla Smith Crawford of Flint & Soyars, P.C., for their claims against Defendant Martin Marietta Materials, Inc. and Defendant Eric Martin respectfully show as follows:

1.      Plaintiffs Ronald Stroup and Pearl Stroup are now and were at all times relevant to the occurrences made the basis of this lawsuit residents of Texarkana, Miller County, Arkansas.

2.      Defendant Martin Marietta Materials, Inc. ("Defendant Martin Marietta Materials") is registered as an Arkansas Foreign For Profit corporation. At all times relevant to this case, Defendant Martin Marietta Materials principal place of business was located at 524 Central Avenue, Hot Springs, Arkansas 71901. Defendant Martin Marietta Materials may be served through its registered agent, C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

3.      Defendant Eric Martin, ("Defendant Eric Martin") is an individual residing at 3525 Galleria Oaks Drive, Texarkana, Texas 75503. At all times relevant hereto, Defendant Eric

EXHIBIT A

Martin was employed by Defendant Martin Marietta Materials, a Defendant named herein. Defendant Eric Martin worked for Defendant Martin Marietta Materials at the time of the accident and was responsible for the motor vehicle accident in Miller County, Arkansas on September 15, 2018.

4.  Upon proper service of said Defendants, this Court has jurisdiction and venue is proper.

5.  Plaintiffs bring this suit to recover for their personal injuries and damages sustained in a collision with a vehicle owned and operated by Defendants Martin Marietta Materials and Eric Martin. Said collision was proximately caused by Defendant Eric Martin's negligence.

6.  Defendant Eric Martin was acting as an employee or agent of Defendant Martin Marietta Materials. More specifically, at the time of the accident, Defendant Eric Martin was operating a Martin Marietta vehicle in the course and scope of his employment and as a permissive user of a vehicle owned by Defendant Martin Marietta Materials.

7.  On September 15, 2018, Plaintiff, Ronald Stroup, was operating his 1998 Toyota Avalon travelling West on E. 9th Street, at its' intersection with Frontage (I-49) and stopped at a red light at the intersection. His wife and named Plaintiff herein, Pearl Stroup, was a front seat passenger. Defendant Eric Martin was operating a 2005 Kenworth T800 (concrete truck) also traveling West on E. 9th Street. As Defendant Eric Martin approached the red light, he failed to stop, and suddenly and violently rear-ended the Plaintiffs' vehicle. The violent impact caused Plaintiffs' vehicle to move approximately 3 feet. It is noted as well that the Plaintiffs had noticed Defendant Eric Martin driving erratically in traffic and changing lanes prior to arrival and stopping at the red light. The unanticipated collision resulted in painful injuries and damages to said Plaintiffs.

EXHIBIT A

8.     Plaintiffs will show that the acts and/or omissions of negligence of Defendants Martin Marietta Materials and Eric Martin, as set forth herein, separately and collectively, were the direct and proximate cause of the injuries and damages sustained by the Plaintiffs.   The acts and omissions of negligence among others, are as follows:

(a)     Following too closely'

(b)     Driver inattention and guilty of careless driving;

(c)     Failing to keep a proper lookout for other vehicles using the roadway;

(d)     Failing to timely apply brakes in order to avoid the collision; and

(e)     Failing to use ordinary care under the circumstances then and there existing.

9.     Each of these acts and omissions, taken singularly or in combination with others constitutes negligence and was the direct and proximate cause of the injuries and damages sustained by Plaintiffs.

10.     As a direct result of Defendant Martin Marietta Materials and Defendant Eric Martin's negligence, Plaintiff Ronald Stroup suffered serious injuries to multiple parts of his body, including but not limited to neck and back.   Plaintiff Ronald Stroup was evaluated and treated at a local hospital.   Additionally, he was required to seek treatment at a chiropractic clinic as well as an orthopedic doctor over the course of almost 3 months when he had to end his treatment due to having to provide care for his wife whose cancer had returned.

11.     As a direct result of Defendant Martin Marietta Materials and Defendant Eric Martin's negligence, Plaintiff Pearl Stroup suffered significant pain in her back. Plaintiff had a prior back surgery and was scheduled for a back surgery due to a broken rod in her back. She also suffered pain and a bruise on her right foot as well as pain in her right leg. Plaintiff Pearl Stroup was transported by ambulance to a local emergency room for evaluation and treatment. She had

EXHIBIT A

the back surgery (previously scheduled) on 9/18/2018. Due to the pain in her back and pain in her foot, she was frightened to walk prior to her surgery.

12.     Plaintiffs jointly have experienced physical pain and mental anguish in the past and will, in all reasonable probability, continue to do so well into the future by reason of the nature and severity of said injuries. Plaintiffs have incurred reasonable and customary medical charges and expenses in the past for necessary medical treatment and will continue to incur medical charges and expenses in the future as a result of said injuries.

13.     By reason of the above and foregoing injuries and damages, Plaintiffs pray for judgment in an amount that exceeds the minimum requirements for this jurisdiction.

14.     Plaintiffs demand a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray for judgment jointly  and severally in an amount that exceeds the minimum requirements for jurisdiction in federal court based on diversity, that the Defendants be cited to appear and answer herein; that Plaintiffs be awarded past and future medical; that they be compensated for their pain, suffering, and mental anguish; that they be awarded property damage; that they be awarded judgment against the Defendants in a sum in excess of the minimum jurisdictional limits of this Court; that they be awarded pre-judgment and post-judgment interest at the maximum legal rate provided by law; that they recover from Defendants their costs herein expended; and that they receive any and all other relief to which they may be justly entitled.

EXHIBIT A

Respectfully submitted,

**FLINT & SOYARS, P.C.**
2821 Richmond Road
Texarkana, Texas 75503
Telephone:    (903) 334-8928
Facsimile:    (903) 334-8853
E-mail:        bruceflint@aol.com
                msoyars@bruceflint.com
                dcrawford@bruceflint.com

Darla Smith Crawford
Arkansas Bar No. 2009053
Bruce A. Flint
Arkansas Bar No. 98100
Matthew Q. Soyars
Arkansas Bar No. 2003162

**Attorneys for Plaintiffs**

EXHIBIT A